IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

CHARLES MUHAMMAD,

    Plaintiff,

v.

2 NBC, et al.

    Defendants.

No. C 06-05361 JSW

**ORDER DENYING APPLICATION FOR TEMPORARY RESTRAINING ORDER, DENYING WITHOUT PREJUDICE APPLICATION TO PROCEED** *IN FORMA PAUPERIS*, **AND DISMISSING WITH LEAVE TO AMEND**

This matter comes before the Court upon consideration of the application for a temporary restraining order and an application to proceed *in forma pauperis* filed by Plaintiff Charles Muhammad. Defendants have not yet been served, however, it appears that Plaintiff seeks additional time to give them notice of these proceedings. (*See* Application for Temporary Restraining Order at 5.)

Plaintiff's application for a temporary restraining order is a form document that is entitled "Request for Restraining order, and Order of Protection." In that application, Plaintiff states that he seeks relief from "2 N.B.C, et al."[1] Plaintiff asks for orders requiring Defendants to "not to do the following things to" to him: "harass, attack, strike, threaten, assault ... hit, follow, stalk, molest, destroy, personal property, disturb the peace, keep under surveillance, or block movements." He also asks that "all program directors be charged with criminal charges if any staff cause fear or distress." Finally, he states that the "most recent abuse" occurred on or

---

[1] In the "Original Petition," filed with the application for a temporary restraining order, Plaintiff names as Defendants what appear to be a number of television stations.

about June 25, 2006, and recounts facts relating to this alleged abuse, although these allegations are disjointed to the point of being incoherent and unintelligible.

Courts must deny *in forma pauperis* applications under certain circumstances, including when the underlying complaint sought to be filed is frivolous or when it fails to state a claim upon which relief may be granted. 28 U.S.C. § 1915(e)(2). In contravention of Federal Rule of Civil Procedure 8(a), Plaintiff failed to file a pleading setting forth the grounds upon which this Court has subject matter jurisdiction over these claims. This Rule requires "a short and plain statement of the claim showing that the pleader is entitled to relief, . . . and a demand for judgment for the relief the pleader seeks." Fed. R. Civ. P. 8(a). Instead, the document that the Court construes as Plaintiff's complaint, entitled "Original Petition," alleges, without factual support, that the Defendants violated the First, Fourth, Fifth, Sixth, and Eighth Amendments to the United States Constitution. Further, as noted, although he has set forth certain factual allegations in his application for a temporary restraining order, those facts are disjointed and incoherent and do not make clear how Defendants violated the First, Fourth, Fifth, Sixth, and Eighth Amendments.

To obtain a temporary restraining order, Plaintiff, as the moving party, has the burden of demonstrating either a combination of probable success on the merits and the possibility of irreparable injury *or* that serious questions exist as to success on the merits and irreparable injury along with a sharp tipping of the balance of hardships in his favor. *Sammartano v. First Judicial District Court,* 303 F.3d 959, 965 (9th Cir. 2003). "Because injunctive relief prior to trial is a harsh and extraordinary remedy, it is to be granted sparingly and only in cases where the issues are clear and well defined and the plaintiff has established a reasonable certainty of prevailing at trial." *Watermark, Inc. v. United Stations, Inc.*, 219 U.S.P.Q. 31, 32-33 (C.D. Cal. 1982) (*citing Dymo Industries, Inc. v. Tapeprinter, Inc.*, 326 F.2d 141 (9th Cir. 1964)). On the record currently before the Court, it cannot find that Plaintiff has met his burden of showing either a probable success on the merits or the possibility of immediate irreparable injury.

For these reasons, Plaintiff's application for a temporary restraining order is DENIED. His application to proceed *in forma pauperis* is DENIED WITHOUT PREJUDICE and the

Complaint is DISMISSED WITH LEAVE TO AMEND. If Plaintiff wishes to pursue this action, he must file an amended complaint that sets forth the basis of this Courts jurisdiction and which also sets forth a cognizable legal claim, as well as a renewed application to proceed *in forma pauperis* by **September 15, 2006**. Failure to file a cognizable legal claim by this date shall result in dismissal of this action with prejudice.

The Court advises Plaintiff that a Handbook for Pro Se Litigants, which contains helpful information about proceeding without an attorney, is available through the Court's website or in the Clerk's office.

**IT IS SO ORDERED.**

Dated: September 1, 2006

JEFFREY S. WHITE
UNITED STATES DISTRICT JUDGE